MICHIGAN COUNCIL NO. 55, AMERICAN FEDERATION OF
STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO v
VILLAGE OF CHESANING

1. ADMINISTRATIVE LAW—EMPLOYMENT RELATIONS COMMISSION—AP-
   PEAL AND ERROR—FINDINGS OF FACT—CONCLUSIVENESS.
   The findings of the Michigan Employment Relations Commission
   with respect to fact questions are conclusive when supported by
   substantial evidence on the record (MCLA 423.23).

2. ADMINISTRATIVE LAW—APPEAL AND ERROR—LABOR MEDIATION
   BOARD—TRIAL EXAMINER—FINDINGS OF FACT—SPECIFIC CONSID-
   ERATION.
   The findings of a Labor Mediation Board trial examiner will be
   given specific consideration on appellate review since he has
   had the opportunity to observe the witnesses.

3. ADMINISTRATIVE LAW—EMPLOYMENT RELATIONS COMMISSION—LA-
   BOR RELATIONS—FINDINGS OF FACT—RECORD—EVIDENCE.
   A decision of the Michigan Employment Relations Commission
   finding a defendant municipality guilty of unfair labor prac-
   tices for refusing to execute a collective bargaining agreement
   to which its agents had agreed without its attorney's consent
   was properly supported by the record where the record re-
   flected that the parties negotiated for six months, proposals and
   counterproposals were freely made and exchanged, concessions
   were made by both parties, the municipal council was repeat-
   edly involved in the bargaining, defendant's representatives
   signified agreement on a final contract in a variety of ways, and
   there was no evidence that plaintiff ever agreed that defendant
   could condition the execution of the agreement upon ratifica-
   tion by defendant's attorney.

Appeal from Employment Relations Commis-

REFERENCES FOR POINTS IN HEADNOTES
[1] 2 Am Jur 2d, Administrative Law § 621.
[2] 2 Am Jur 2d, Administrative Law §§ 424, 429.
[3] 48 Am Jur 2d, Labor and Labor Relations § 546.

sion. Submitted Division 2 April 8, 1975, at Detroit. (Docket No. 21503.) Decided June 11, 1975.

Michigan Council No. 55, American Federation of State, County and Municipal Employees, AFL-CIO, brought charges against the Village of Chesaning for unfair labor practices. The Employment Relations Commission found for the plaintiff. Defendant appeals. The Employment Relations Commission petitions for enforcement of its order. Affirmed.

*Zwerdling, Maurer, Diggs & Papp,* for plaintiff.

*Smith Bovill, P. C.,* for defendant.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Francis W. Edwards,* Assistant Attorney General, for the Michigan Employment Relations Commission.

Before: R. B. Burns, P. J., and M. J. Kelly and O'Hara,* J.J.

R. B. Burns, P. J. This is an appeal by defendant Village of Chesaning from a decision of the Michigan Employment Relations Commission (MERC) in which it found a collective-bargaining agreement existed between plaintiff and defendant. It held that defendant had violated § 10 of the Michigan public employment relations act, MCLA 423.210; MSA 17.455(10), by its refusal to execute the agreement. Defendant contends that this finding is not supported by competent, material, and substantial evidence, and that, therefore, the MERC decision based upon it should be reversed.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

The Village of Chesaning is a municipal corporation and a public employer within the meaning of the Michigan public employment relations act (PERA), MCLA 423.201 *et seq.;* MSA 17.455(1) *et seq.* On April 10, 1973, plaintiff was certified as the collective bargaining agent of all supervisory personnel of the defendant. On April 24, 1973, plaintiff sent a letter to defendant's mayor requesting arrangements be made to commence negotiations upon a collective-bargaining contract. On May 22, 1973, those negotiations began, and they continued until November 5, 1973, when an agreement was allegedly reached. When plaintiff attempted to have the final version of that agreement executed, defendant balked. Plaintiff received a letter from defendant's attorney stating he was going to redraft the proposed contract and submit it to plaintiff for further negotiations. Defendant insisted that its bargaining agents never had authority to bind it to any final agreement with plaintiff and that plaintiff was aware of this from the beginning of the negotiations. Plaintiff denied this and filed unfair labor practice charges with MERC.

Both MERC and the trial examiner found that a valid and binding agreement had been reached by the parties, and they held that defendant had violated MCLA 423.210; MSA 17.455(10) by refusing to execute the agreement. We agree with the finding and holding.

The findings of MERC, with respect to fact questions, are conclusive when supported by substantial evidence on the record. MCLA 423.23(e); MSA 17.454(25)(e), *MERC v Detroit Symphony Orchestra,* 393 Mich 116; 223 NW2d 283(1974). Similarly, the findings of the trial examiner should also be given specific consideration since he has

had the opportunity to observe the witnesses. *MERC v Detroit Symphony Orchestra, supra, Universal Camera Corp v NLRB,* 340 US 474, 496–497; 71 S Ct 456, 468–469; 95 L Ed 456, 471–472 (1951). In the present case, defendant attempts to justify its refusal to sign the agreement by claiming that all negotiations, even the session on November 5, were conducted with the mutual understanding that no final agreement could be achieved before it had been approved by defendant's attorney. There is substantial credible evidence to the contrary. While the parties negotiated for six months, defendant failed during that entire time to take any action to involve the village attorney in the bargaining. Proposals and counterproposals were freely made and exchanged; concessions were made by both parties; and all of this was done without the presence, aid, or advice of defendant's attorney. The entire village council was repeatedly involved in the bargaining without ever consulting its attorney. There is no evidence that plaintiff ever agreed that defendant could condition the execution of the agreement upon a ratification by defendant's attorney. On November 5, the date when a final agreement was reached, plaintiff's representatives met with a majority of defendant's village council who were attending the meeting in their official capacities. After several hours of negotiations, defendant's representatives signified agreement on a final contract in a variety of ways. There is no evidence in the record that any further meetings were contemplated, at that time, by either party for further negotiations after November 5.

Since the MERC decision is properly supported by the record, we must affirm.