WAYNE COUNTY LIBRARY BOARD v WAYNE COUNTY BOARD
OF COMMISSIONERS

1. MASTER AND SERVANT—EMPLOYER—CONTROL OVER EMPLOYEES—
    QUESTION OF FACT.

    The question of whether a party possesses sufficient indicia of
    control over employees to be considered the sole employer of
    them is a question of fact.

2. APPEAL AND ERROR—EMPLOYMENT RELATIONS COMMISSION—FIND-
    INGS OF FACT—STATUTES.

    Findings of the Michigan Employment Relations Commission
    with respect to questions of fact shall be conclusive if supported
    by competent, material, and substantial evidence on the record
    considered as a whole (MCLA 423.23[e], [f]; MSA 17.454[25][e],
    [f]).

3. LABOR RELATIONS—EMPLOYMENT RELATIONS COMMISSION—WAYNE
    COUNTY LIBRARY BOARD—WAYNE COUNTY BOARD OF COMMIS-
    SIONERS—COLLECTIVE BARGAINING—SEPARATE EMPLOYER STA-
    TUS.

    A finding of the Michigan Employment Relations Commission
    that the Wayne County Library Board is not the sole employer
    of the employees of the Wayne County Federated Library
    System, and that the employees are employees of the Wayne
    County Board of Commissioners for purposes of collective bar-
    gaining is proper; the existence of separate revenue for the
    library is alone insufficient for a determination of separate
    employer status where there is multitudinous evidence that the
    Wayne County Board of Commissioners possess a significant
    degree of economic control over the library employees.

Appeal from Employment Relations Commis-
sion. Submitted June 13, 1977, at Detroit. (Docket
No. 77-445.) Decided September 8, 1977. In lieu of
leave to appeal, remanded to the Michigan Em-
ployment Relations Commission, 402 Mich —.

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur 2d, Master and Servant § 2.

[2] 2 Am Jur 2d, Administrative Law § 678 *et seq.*

[3] 48 Am Jur 2d, Labor and Labor Relations § 445 *et seq.*

The Wayne County Supervisory Employees' Association, Union, Council 23, American Federation of State, County and Municipal Employees, AFL-CIO, petitioned the Michigan Employment Relations Commission to add the position of Assistant County Librarian of the Wayne County Federated Library System to its bargaining unit of supervisory employees, which engages in collective bargaining with the Wayne County Board of Commissioners. The Wayne County Library Board, acting as the Library Board of the Wayne County Federated Library System, requested a determination that it, rather than the Wayne County Board of Commissioners, was the sole employer of the library employees. The Employment Relations Commission determined that the Library Board does not have separate employer status for purposes of collective bargaining. The Library Board appeals by leave granted. Affirmed.

*Virtue & Carpenter, P. A.,* and *Alex Lebedeff,* for the Wayne County Library Board.

*Aloysius J. Suchy,* Corporation Counsel, and *Joseph P. Girolamo,* Assistant Corporation Counsel, for the Wayne County Board of Commissioners.

*Zwerdling & Maurer* (by *George B. Washington),* for Council 23, American Federation of State, County and Municipal Employees.

Before: R. M. MAHER, P. J., and N. J. KAUFMAN and F. J. BORCHARD,* JJ.

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

N. J. KAUFMAN, J. Plaintiff appeals[1] from a decision and order of the Michigan Employment Relations Commission (hereinafter referred to as MERC) denying its petition for a determination that it is the separate employer of its library employees and concluding that defendant shall remain an employer for collective bargaining purposes.

The Wayne County Library Board was created in 1943 by resolution of the Wayne County Board of Commissioners. It is the governing body of the Wayne County Federated Library System. The library was established in 1966 as a systems library and the board was designated as the system board under the State Aid to Public Libraries Act, 1965 PA 286, as amended (MCLA 397.501 *et seq.;* MSA 15.1791[101] *et seq.).*

The library operates through the funds that are appropriated to it by the Board of Commissioners upon recommendation of the Wayne County Board of Auditors from the Wayne County general fund. The library can spend only that amount. The appropriation to the library is on a line-item basis. If the library wants to shift money from one category to another, it must make a request to the Board of Auditors which makes a recommendation to the Board of Commissioners for an amendment to the budget. Following the Board of Auditors' recommendations, the Board of Commissioners takes whatever action it deems appropriate.

The library's budget is almost wholly supplied by funds which are not under the direct control of

---

[1] On June 1, 1976, plaintiff filed an application for leave to appeal with this Court. This Court entered an order denying plaintiff's application on September 30, 1976. Subsequently, on October 21, 1976, plaintiff filed an application for leave to appeal with the Supreme Court. On January 26, 1977, the Supreme Court remanded this case to this Court for consideration as on leave granted, 399 Mich 823 (1977).

the Board of Commissioners but of the Library System Board. Only about 5% of the library's funds are supplied directly by the county. However, all money that the library receives is transferred to the Wayne County Treasurer.

Since the library was established as a systems library in 1966, library employees have been hired and classified by the county Civil Service Commission and have been included in bargaining units with other county employees for all purposes. They are paid pursuant to rates set by the Civil Service Commission and confirmed by the Board of Commissioners. Non-probationary employees have the right to appeal their discharges to the Civil Service Commission. The procedure for filling job vacancies in the library is for the library to make a requisition through the Civil Service Commission and get concurrent approval of the funds by the Board of Auditors.

On July 22, 1975, the Wayne County Supervisory Employees' Association petitioned MERC, pursuant to § 12 of the public employment relations act (hereinafter referred to as PERA), MCLA 423.212; MSA 17.455(12), to add to its bargaining unit of supervisory employees a number of classifications previously excluded, including the position of Assistant County Librarian of the Wayne County Federated Library System.

A consent election was set for September 10, 1975.[2] On August 29, 1975, the chairman of the County Public Library Board, in his capacity as chairman of the board of the Wayne County Federated Library System, wrote to MERC, requesting a formal hearing concerning the board's possible status as a "public employer" separate from the county. On May 10, 1976, MERC entered its deci-

_____

[2] The assistant county librarian was included in the unit.

sion and order, concluding *inter alia,* "that effective collective bargaining for the employees of the Library should remain in the hands of the County rather than solely in the Library System Board". Plaintiff appeals from that determination.

Increasingly, private sector principles are being used to aid in the development of public sector labor law. Michigan is one of the states adopting this approach. Edwards, *The Emerging Duty to Bargain in the Public Sector,* 71 Mich L Rev 885, 932 (1973).

So it is to a case from the private sector, under the National Labor Relations Act, that we turn for assistance in formulating the precise nature of the issue before us. We must resolve whether the board possesses sufficient indicia of control over library employees to be considered the sole employer of them. The United States Supreme Court has held that to be a factual question, *Boire v Greyhound Corporation,* 376 US 473, 481; 84 S Ct 894; 11 L Ed 2d 849 (1964).

As to a factual issue, MERC's determination is subject to only limited judicial review:

"The findings of the board with respect to questions of fact if supported by competent, material and substantial evidence on the record considered as a whole shall be conclusive." MCLA 423.23(e), (f); MSA 17.454(25) (e), (f).

This standard is in conformance with Const 1963, art 6, § 28, and § 106 of the Administrative Procedures Act (MCLA 24.201 *et seq.;* MSA 3.560(101) *et seq.).* See *MERC v Detroit Symphony Orchestra, Inc,* 393 Mich 116, 121; 223 NW2d 283 (1974), *Michigan Counsel No 55, AFSCME v Chesaning,* 62 Mich App 157; 233 NW2d 511 (1975), *Van*

*Buren Public School District v Wayne Circuit Judge,* 61 Mich App 6; 232 NW2d 278 (1975).

We find that the MERC findings are supported by "competent, material and substantial evidence on the record considered as a whole".[3] As reasoned by MERC, " * * * the existence of separate revenue for the Library is alone insufficient for a determination of separate public employer status". This Court cannot ignore the multitudinous evidence showing that the Board of Commissioners possesses a significant degree of economic control over the library employees. To hold otherwise would result in unnecessary fragmentation of bargaining units and proliferation of public employers which would unduly burden collective bargaining. In addition, a contrary holding would not effectively secure the rights of public employees as guaranteed by PERA.

The decision and order of MERC is therefore affirmed.

Affirmed.

---

[3] We recognize, as does MERC, that the board is "also an employer of the same employees and entitled to have a representative at the bargaining table when its employees are the subject of discussion or negotiations." *See AFSCME v Michigan Dept of Health,* 78 Mich App 416; 260 NW2d 115 (1977).